IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BARBARA WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. CIV-05-1511-T |
| | ) | |
| JO ANNE B. BARNHART, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Plaintiff brought this action pursuant to 42 U.S.C. §405(g) for review of the decision of the Commissioner of Social Security Administration denying plaintiff's application for disability benefits. The matter was referred to United States Magistrate Judge Doyle W. Argo for initial proceedings in accordance with 28 U.S.C. §636 (b)(1)(B).

On August 14, 2006 the magistrate judged filed a Report and Recommendation [Doc. No. 16] in which he recommended that the defendant's decision be affirmed. Because plaintiff timely objected to that recommendation, the matter is reviewed *de novo*.

As fully discussed in the Report and Recommendation, this court is limited in its review of the defendant's decision, as the court may not reweigh the evidence or substitute its judgment for that of the Commissioner; rather, it must determine only if the correct legal standards were applied and if the decision is supported by substantial evidence in the record. Washington v. Shalala, 37 F.3d 1437, 1439-40 (10th Cir. 1994); Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is that which a reasonable person might deem adequate to support the ultimate conclusion. Castellano, 26 F.3d at 1028. Evidence is not

substantial for this purpose if it is "overwhelmed by other evidence in the record or constitutes mere conclusion."  Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992).

The magistrate judge recited in detail the history of plaintiff's medical problems and the treatment received.  *See* Report and Recommendation at pages 4-7.  The court finds that summary to accurately reflect the record; thus, it need not be repeated here and is adopted as though fully set forth in this order.  In summary, plaintiff's medical problems include polycythemia vera, sigmoid colon resection, polyps, a gastric ulcer, chronic obstructive pulmonary disease, and deep vein thromboses.  Her history reflects several abdominal tests and surgical procedures; she has had several CT scans, which were generally normal.  After several abdominal procedures, including but not limited to removal of colon polyps and treatment for a bowel obstruction, plaintiff complained of back pain and chest pain.  She was subsequently diagnosed with chronic obstructive pulmonary disease as well as coronary artery disease and was cautioned about the negative effects of smoking and alcohol consumption.  She was also diagnosed with polycythemia vera, and underwent phlebotomy treatments which she tolerated well.

The administrative law judge determined that plaintiff's ailments, separately or collectively, did not constitute conditions severe enough to meet or equal the listing in the Social Security regulations.  The administrative law judge then evaluated plaintiff's capacity and limitations, and concluded that she retained the residual functional capacity to perform her past relevant work as a cashier, bank teller, secretary or payroll clerk.  Therefore, the administrative law judge concluded that plaintiff does not qualify for disability insurance benefits.

In objecting to the Report and Recommendation, plaintiff repeats her arguments that the administrative law judge did not properly assess her credibility with regard to her pain and failed

to consider the vocational expert's testimony regarding a hypothetical situation. These arguments were addressed in the Report and Recommendation. As the magistrate judge discussed in some detail, the administrative law judge properly applied the legal standards regarding the assessment of pain and plaintiff's credibility. The administrative law judge made specific findings, based on the evidence in the record and plaintiff's own testimony, concerning her daily activities and limitations. The record reflects that plaintiff's own testimony shows that she engages in a variety of activities on a daily basis. The court agrees with the magistrate judge that the administrative law judge did not err in assessing plaintiff's credibility regarding her pain. The record contains substantial evidence to support that assessment.

Plaintiff's contention regarding the vocational expert's testimony was also discussed in the Report and Recommendation. Specifically, plaintiff argues that the administrative law judge did not consider the testimony in response to a hypothetical question which asked if a person who is required to miss one and one-half hours of work three times per week could be capable of performing substantial gainful activity. The expert testified that such hypothetical person could not perform substantial gainful activity. Plaintiff argues that the administrative law judge failed to address this issue.

As the magistrate judge pointed out, however, the record reflects that the administrative law judge did not reject this testimony. Instead, the administrative law judge did not find that plaintiff was required to miss the amount of work mentioned in the hypothetical question. Although plaintiff may have claimed that she would miss one and one-half hours of work three times a week, the administrative law judge found that testimony to not be supported by the evidence in the record. Therefore, the response to the hypothetical question was not adopted by the administrative law

judge.

As the magistrate judge concluded, there was no error in that regard.

The court has reviewed the record, the Report and Recommendation, and the plaintiff's objections thereto. Having done so, the court concludes that the magistrate judge was correct in his recommendation to affirm the Commissioner's decision. Accordingly, the Report and Recommendation [Doc. No. 16] is adopted, and the Commissioner's decision to deny plaintiff's application for disability benefits is affirmed.

IT IS SO ORDERED this 27th day of September, 2006.

_____
RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE